FILED
2013 AUG -6 PM 2:03
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA, L.P., | Case No. SACV 13-1143-UA (DUTYx) |
| Plaintiff, | |
| vs. | ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION |
| NAPOLEAN RHODES et al., | |
| Defendants. | |

The Court hereby summarily remands this unlawful-detainer action to state court because Defendant Napolean Rhodes removed it improperly.

On July 30, 2013, Defendant, having been sued in a routine unlawful-detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter under separate cover because the action was not properly removed. The Court also issues this separate order remanding the action to the state court to prevent it from remaining in jurisdictional limbo. Remand is necessary because

Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, Defendant's removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer Complaint clearly recites that the amount in controversy "does not exceed $10,000.00" (Compl. at 1), and Plaintiff requests actual damages of $2400 plus interest (id. at 3).

Plaintiff's unlawful-detainer action also fails to raise any federal legal question. See (Notice of Removal at 2); 28 U.S.C. §§ 1331, 1333, 1441(b). To the extent Defendant asserts that federal-question jurisdiction exists because he plans to raise some sort of defense or counterclaim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (see Notice of Removal at 2), it is well established that a suit "arises under" federal law within the meaning of § 1331 "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 59, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) (alteration in original). Federal jurisdiction "cannot be predicated on an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." Id. at 60. Because the Complaint on its face alleges only an unlawful-detainer action under state

law, no basis for federal-question jurisdiction exists.  See <u>HSBC Bank USA, N.A. v. Bryant</u>, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (remanding unlawful-detainer action because "no basis for 'federal question' jurisdiction" existed despite defendant's assertion of federal counterclaims).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Orange County Superior Court, North Justice Center, 1275 North Berkeley Avenue, Fullerton, California 92838, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of it on the parties.

DATED:  8/5/13

GEORGE H. KING
CHIEF U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge